Filed 11/19/24  P. v. Gaytan CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HERSON GAYTAN,<br><br>    Defendant and Appellant. | B334098<br><br>Los Angeles County<br>Super. Ct. No. BA350813 |

APPEAL from an order of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Charles Carbone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Bill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Herson Gaytan appeals the trial court's denial of his section 1172.6 petition without an evidentiary hearing. We affirm. Citations are to the Penal Code.

We summarize the facts which we described in detail in our previous opinion, *People v. Gaytan et al.* (Oct. 14, 2011, B226031) [nonpub. opn.]. Tow truck driver Joseph Mosesean stopped behind a Volvo at an intersection. Mosesean saw a hand holding a gun extend out of the rear driver's side window and begin shooting. The Volvo sped off, and Mosesean followed. The Volvo stopped, and Gaytan got out of the front passenger side door and ran away. The Volvo took off again. When it stopped again, the driver and the passenger in the back both got out and ran off as well. Police eventually apprehended all three men.

In April 2010, a jury convicted Gaytan and two confederates of first degree murder and found true gang and firearm enhancements. The trial court gave CALJIC No. 3.01 on direct aiding and abetting and did not instruct on a natural and probable consequences theory of aiding and abetting. The trial court also gave CALJIC No. 8.25.1, which states:

"Murder which is perpetrated by means of discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle when the perpetrator specifically intended to inflict death, is murder of the first degree.

The essential elements of drive-by murder are:
1. The defendant committed the crime of murder;
2. The defendant perpetrated the murder by means of discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle; and
3. The defendant specifically intended to kill a human being."

The trial court sentenced Gaytan to 50 years to life. This court affirmed the judgment on appeal. In 2018, the legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.), later amended by Senate Bill 775 (2021-2022 Reg. Sess.), providing a mechanism for defendants to petition for resentencing if they could not be convicted after the changes to sections 188 and 189. Gaytan filed such a petition for resentencing. The trial court appointed counsel for Gaytan. The prosecutor filed an opposition to Gaytan's petition, and Gaytan filed a reply. After a hearing, the trial court denied the petition. The trial court found Gaytan had the requisite malice because the jury convicted him of first-degree murder and, while the jury did not need to find the intent to kill in the cases Gaytan cited, that was not the case here. Because Gaytan was ineligible for relief as a matter of law, the trial court denied the petition and did not set an evidentiary hearing.

On appeal, Gaytan argues the trial court erred in finding him ineligible for section 1172.6 relief as a matter of law. Gaytan argues the jury could have convicted him based on a theory of imputed malice. We lay out his argument.

The trial court instructed the jury with CALJIC No. 3.01 on aiding and abetting. In *People v. Powell* (2021) 63 Cal.App.5th 689, the court found the aiding and abetting instructions in CALCRIM Nos. 400, 401, and 403 are insufficient when used in connection with an implied malice murder theory because they do not make clear the aider and abettor must harbor malice. (*Powell, supra,* 63 Cal.App.5th at p. 714.) Instead, they allow the aider and abettor simply to intend to aid an act dangerous to human life. (*Powell, supra,* 63 Cal.App.5th at p. 714.) The aiding and abetting instruction CALCRIM 401 is virtually identical to

3

CALJIC No. 3.01. Gaytan cites two cases in which courts of appeal found it was improper to deny a section 1172.6 petition where the trial courts had given these instructions in the defendants' underlying trials: *People v. Langi* (2022) 73 Cal.App.5th 972, 975 (*Langi*) and *People v. Maldonado* (2023) 87 Cal.App.5th 1257, 1259 (*Maldonado*).

Gaytan's argument is incorrect. Section 1172.6 allows a petition for relief where the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective" by Senate Bill 1437. (§ 1172.6, subd. (a)(3); *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866–867.) As the prosecutor points out, more recent cases have questioned the reasoning in *Langi* and *Maldonado* because neither addresses the language in subdivision (a)(3) of section 1172.6. (*People v. Burns* (2023) 95 Cal.App.5th 862, 781 (*Burns*) [rejecting argument that direct perpetrator's culpability could be imputed to aider and abettor was a valid viable theory before Senate Bill 1437]; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1171–1173 & fn.3 (*Flores*) [ineligible because *People v. McCoy* (2021) 25 Cal.4th 1111 (*McCoy*) had made clear that each aider and abettor must have the requisite mental state, a theory not affected by Senate Bill 1437]; *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 935–936 (*Berry-Vierwinden*) [defendant not eligible for section 1172.6 for relief where the instructional errors had "nothing to do" with the changes to sections 188 and 189].)

Here, the jury convicted Gaytan in 2010. The trial court did not instruct on either the natural and probable consequences doctrine or felony murder rule. Although Gaytan points to *Powell* as calling into question whether his conviction was based on imputed malice, *Powell* concerns a direct appeal and neither

4

considers nor addresses the changes enacted through Senate Bills 1437 and 775.  (*Powell, supra*, 63 Cal.App.5th at p. 692, 711 & fn.25 [SB 1437 does not apply retroactively to pending appeals].)  Rather, *Powell* considered whether the aiding and abetting instructions accurately reflected a proposition discussed as early as 2001.  (*Id.* at pp. 712-713, citing *McCoy, supra*, 25 Cal.4th at p. 1122.)  Section 1172.6 petitions do not provide an additional opportunity to raise claims that could have been brought on direct appeal.  (*People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [section 1172.6 petitioner cannot "establish eligibility on the basis of alleged trial error"].)  Gaytan does not argue the instructional errors he alleges allowed the jury to convict him based on an imputed malice theory with the instructions at his trial are due to the changes in law caused by Senate Bill 1437 or 775.  Indeed, he does not address this argument at all.

We follow the reasoning in *Burns*, *Flores*, and *Berry-Vierwinden* and find Gaytan is ineligible for section 1172.6 relief because the errors he alleges are not based on changes enacted by Senate Bills 1437 or 775.  Gaytan's theory for how the jury could have imputed malice to him "has nothing to do" with the changes to sections 188 and 189 and therefore cannot be said to be "because of" the legislative changes as required to be eligible for relief.  (*Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 935–936.)  Such arguments are not properly asserted through a section 1172.6 petition.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

Gaytan's reliance on *Langi* and *Maldonado* is misplaced for an additional reason.  In each of those cases, the trial court noted that the crime the defendant was convicted of aiding and abetting

did not itself require malice.  (*Langi*, *supra*, 73 Cal.App.5th at pp. 982–983 [instructions required aider and abettor know of perpetrator's unlawful purpose, but purpose could have been to act with conscious disregard for human life rather than to kill]; *Maldonado*, *supra*, 87 Cal.App.5th at p. 1266 [jury could have construed instructions to find guilty as aider and abettor if intended to encourage the act of a surprise attack, whether or not intended to aid killing].)  Here, as CALJIC No. 8.25.1 reveals, intent to kill was an explicit element of the crime.  (CALJIC No. 8.25.1 ["3.  The defendant specifically intended to kill a human being."].)  Gaytan does not address this significant difference.

## DISPOSITION

We affirm.


WILEY, J.


We concur:



GRIMES, Acting P. J.



VIRAMONTES, J.


6